# Hess *v.* Birmingham Railway, Light & Power Company.

*Action by Passenger for Damages for Personal Injury.*

(Decided Nov. 29th, 1906. 42 So. Rep. 595.)

1. *Limitation of Actions; Commencement of Action; Amendment to Complaint; New Cause of Action.*—The original complaint placed the injury as occurring on the line of defendant's railway running from B. to W. at or near B., and charged the negligence to be that of the defendant. The amendment alleged the injury to have occurred at or near B. on defendant's line of railway running from B. to E., and alleged the negligence to the defendant's servant or agent, acting within the line and scope of his authority as such. Held, not to state a new or different cause of action, and that the amendment related back to the filing of the original complaint, and was not barred by statute of limitations of one year.

2. *Same.*—A count in wanton or wilful conduct, alleging the negligence in the defendant, was a count in trespass, and an amendment changing the allegation of negligence in the de-

fendant to the negligence of the defendant's servant or agent, acting within the line and scope of his employment as such, made the count one in case, and was a departure from the count as originally filed, did not relate back, and was subject to the statute of limitation of one year.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

Action by George P. Hess against the Birmingham Railway, Light & Power Company for personal injuries. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

The complaint in this cause, as originally filed, contained two counts, as follows: Count 1: "Plaintiff claims of the defendant $5,000 as damages, for that heretofore, to-wit, on the 24th day of January, 1903, defendant was a common carrier of passengers over and along a railway running from Birmingham to Woodlawn, Jefferson county, Alabama, by means of a car operated by electricity; that on said day, while plaintiff was on said car, being carried by defendant as its passenger on said car, said car collided with another car at a point on said railway in or near said Birmingham, and as a proximate consequence thereof plaintiff was (here follows a detailed description of his injuries and special damages.) And plaintiff alleges that said car, upon which he was as aforesaid, collided with said other car, and plaintiff suffered said injuries and damages, by reason and as a proximate consequence of the negligence of defendant in or about carrying plaintiff as its passenger as aforesaid." Count 2 was the same as count 1, down to and through the allegation of injuries and special damages, and adds the following: "Plaintiff avers that defendant wantonly or intentionally caused plaintiff to suffer said injuries and damages as aforesaid by wantonly or intentionally causing or allowing said collision." Demurrers were interposed to these counts, but no action on demurrers is shown by the record. The original complaint was filed on the 24th of March, 1903. On the 18th of October, 1904, the plaintiff by leave of the court amended his complaint as follows: (1) He amends each count of the complaint

by striking therefrom the word "Woodlawn," where it appears in the complaint, and by inserting in lieu thereof the words "West End." (2) By striking from the first count the word "defendant," where it last occurs in said county, and by inserting in lieu thereof the words "defendant's servant or agent, acting within the line and scope of his authority as such." (3) By striking from the first count of the complaint the word "its," where it last occurs in said count, and by inserting in lieu thereof the word "defendant's." (4) By striking from the second count the word "defendant," where it last occurs therein, and inserting in lieu thereof the words "defendant's servant or agent, acting within the line and scope of his authority as such." Defendant moved to strike the first and second counts of the complaint as amended on the grounds of a departure, a change of cause of action, and because not within the lis pendens of the original suit. These motions being overruled, the defendant pleaded the general issue and the statute of limitations of one year to the amended complaint. At the request of the defendant, after the evidence had been given, the court gave the general affirmative charge.

BOWMAN, HARSH & BEDDOW, for appellant.—The affirmative charge should not have been given to the 1st count. The amendment to the count does not introduce a new claim or cause of action.—*Nelson v. First National Bank*, 139 Ala. 578; *L. & N. R. R. Co. v. Woods*, 105 Ala. 561; *A. G. S. R. R. Co. v. Chapman*, 83 Ala. 453; *Manchester Fire Ins. Co. v. Fiebleman*, 118 Ala. 322; *Chicago, St. Louis Ins. P. P. R. Co. v. Billis*, 118 Ind. 221; *Adams v. Phillips*, 75 Ala. 461; *A. G. S. R. R. Co. v. Thomas & Sons*, 89 Ala. 304; *Agea v. Williams*, 30 Ala. 639; *Bradford v. Edwards*, 32 Ala. 631; *McDonald v. State of Nebraska*, 41 C. C. A. 283; *Evans v. Richardson*, 76 Ala. 332; *Stringer v. Waters*, 63 Ala. 561; *John F. Kuhn v. J. H. Brownfield*, 11 L. R. A. 700; *Ross v. State*, 131 Ind. 548; *W. U. T. Co. v. Way*, 83 Ala. 553; *Dowling v. Blackman*, 70 Ala. 304; *Sublett v. Hodges*, 88 Ala. 491; *Birmingham Fur. & Mfg. Co. v. Gross*, 97 Ala. 222; 1 Ency. Plea. & Prac. 821 and au-

thorities cited; *Ricketts v. Weedan,* 64 Ala. 548; *Bradford v. Edwards,* 32 Ala. 628.

The amendment to the 2nd count was within the lis pendens.—*Shepherd v. Furniss,* 19 Ala. 760; *Rhodes v. Roberts,* 1 Stew. 145; *Bay. Shore R. R. Co. v. Harris,* 67 Ala. 8.

·TILLMAN, GRUBB, BRADLEY & MORROW, for appellee. —Counsel discuss assignments of error but cite no authority.

DOWDELL, J.—The complaint contained two counts, both of which, subsequent to the filing, were amended. The only question presented is whether by the amendment a new claim or new cause of action was introduced into the complaint, to which the statute of limitation might be pleaded as a defense. The first count of the complaint was in case, and the description of the locus in quo of the alleged injury placed it on the line of the defendant's railway running from Birmingham to Woodlawn, and "in or near said Birmingham." The amendment to this count, in the description of the locus in quo, averred it to be on the defendant's line of railway running from Birmingham to West End; the only change being to insert "West End" for "Woodlawn." The amendment also changed the word "defendant," as it last occurred in the first count, to the words "defendant's servant or agent, acting within the line and scope of his authority as such," and by changing the word "its," where last occurring in the count, to the word "defendant's."

The question here raised was carefully considered by this court in the case of *Nelson v. First National Bank,* 139 Ala. 578, 36 South. 707, 101 Am. St. Rep. 52. Under the principles laid down in that case, and on the authorities there cited, we are of the opinion that the amendment of the first count in the case before us did not introduce a new claim or new cause of action, but falls within that character or class of amendments which relate back to the commencement of the suit, and therefore not subject to the plea of the statute of limitations. In the first place, an averment of the precise

[Hess. v. Birmingham Railway, Light & Power Company.]

place of the alleged injury was not essential to the statement of a good and sufficient cause of action. The particular place of the alleged injury of the plaintiff while a passenger, by the negligence of the defendant, borrowed no part of the cause of action, nor did it enter as an element in the claim sued on. As suggested in the argument by counsel, when the change made by the amendment is tested, "the wrong complained of is the same, the injury inflicted is the same, the manner of its infliction is the same, plaintiff's and defendant's status is the same, defendant's duty to the plaintiff is the same, and its violation the same," and, it may be added, the evidence required to support the claim or cause of action remained the same in character. There is no pretense that there was but the one claim, the one cause of action, the one alleged wrong and injury. Indeed, the plea as filed in substance admits this. The identity of the claim or cause of action under these circumstances was not destroyed or lost by a mere change in the description of the locality of the happening of the alleged wrong and injury. The effect wrought by the amendment of the second count, however, was different, under the doctrine laid down in *Nelson v. Bank, supra*. The second count, as originally filed, under the decision in *City Delivery Co. v. Henry*, 139 Ala. 161, 34 South. 389, and the cases following that one, was in trespass, and the amendment to this count converted it to one in case. This introduced into the complaint a new and different cause of action from that stated in the second count as originally filed, which did not relate back to the commencement of the suit, and was consequently subject to the plea of the statute of limitations.

The trial court, on the theory that the amendment of the first count introduced a new claim, being subject to the defendant's plea of the statute of limitation, gave the general charge for the defendant. In this the court was in error, and for this error the judgment must be reversed and the cause remanded.

Reversed and remanded.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.