133 So. 824

## MUTUAL SAV. LIFE INS. CO. v. ALSUP.
### 7 Div. 61.

Supreme Court of Alabama.
Oct. 15, 1931.

Rehearing Granted Dec. 17, 1931.

Further Rehearing Denied Jan. 21, 1932.

Inzer, Inzer & Davis, of Gadsden, and Melvin Hutson, of Decatur, for appellant.

E. O. McCord & Son, of Gadsden, for appellee.

**ANDERSON, C. J.**

The trial court did not err in permitting the amendment of the complaint. It merely changed the date of the policy, did not change the amount, and expressly stated that it was the same policy. There may be some little evidence that there was another policy between the same parties, which is most doubtful, but it was of a different character and much less amount.

While the pleading in this case is in short and by consent, we gather from the record that the only defense relied upon was fraud in the procurement of the policy because the condition of the insured's health, at the time of the issuance of same, had been falsely stated. As to this, we find no statement in the application or otherwise, but the policy contract provides that the insured must be in sound health and alive when the policy is delivered, and must not die from existing disease; that is, death must result from disease contracted more than fifteen days after the issuance of the policy. The burden of proof was upon the defendant to prove these facts, or either of them. While the proof shows that the insured died of tuberculosis, it utterly fails to show that he was not in sound health when the policy was issued or that the fatal disease was contracted within fifteen days thereafter. The policy was issued October 22, 1928, the insured died in September, 1929. Dr. Coffey attended the deceased the first time, April 1, 1929, and said: "He had tuberculosis at that time, but not so far advanced. I could not tell how far advanced, but the best of my memory from the time he was taken sick and the history I got of the case it was just about a month." This would indicate that the disease was contracted or developed about the 1st of March,

1929, at least four months after the policy was issued. At any rate, the defendant has utterly failed to show that the insured had tuberculosis when the policy was issued or that it developed within fifteen days thereafter.

As we view this case, the trial court could have correctly given the affirmative charge for the plaintiff, upon this issue, and the rulings complained of, if error, were without injury.

The judgment of the circuit court is affirmed.

Affirmed.

THOMAS, BROWN, and FOSTER, JJ., concur.

#### On Rehearing.

ANDERSON, C. J.

■ Our attention has been called to an excerpt from the answer of this plaintiff made in another case before this policy was issued and which was introduced as evidence in this case that the insured was afflicted with tuberculosis, unable to support himself, and that she went into his home and cared for and nursed him. This, of course, created a conflict with the quoted evidence of the physician, and we were in error in holding that the plaintiff was entitled to affirmative instructions on this issue and which makes it necessary for us to consider other questions pretermitted upon the original consideration of this cause.

■ The trial court erred in giving, at the request of the plaintiff, the charge which we mark 2 on page 40 of the record. It confines, as a defense, the fraud of the insured alone when there was proof that the plaintiff, the beneficiary, procured the policy and paid the premiums with the knowledge that the insured had tuberculosis when the insurance was procured.

■ The trial court could have well refused the plaintiff's charge 1, as there was no proof that the agent or agents of the defendant who collected or received the premiums had any knowledge that the insured had tuberculosis when the policy was issued. As to whether there was reversible error in giving same we are at some disadvantage in determining, as the policy contract refers to the application as a part of the transaction and which we do not find in the record. The mere fact, however, that an agent has authority to solicit insurance and collect the premiums does not without more give him authority to waive conditions of forfeiture as for fraud and misrepresentations in the procurement of the policy. Queen Insurance Co. v. Young, 86 Ala. 424, 5 So. 116, 11 Am. St. Rep. 51; North Car-

olina Mut. Life Ins. Co. v. Kerley, 215 Ala. 100, 109 So. 755.

The motion for rehearing is granted, the judgment of affirmance is set aside, and the cause is reversed and remanded.

THOMAS, BROWN, and FOSTER, JJ., concur.