141 So. 625

## HILL v. ALMON.
### 8 Div. 378.

Supreme Court of Alabama.

March 24, 1932.

Rehearing Denied May 26, 1932.

Eyster & Eyster, of Decatur, for appellee.

## KNIGHT, J.

Suit by T. C. Almon, appellee, against W. H. Hill to recover damages for injuries to automobile, the property of appellee. As originally filed, the complaint consisted of two counts. Thereafter plaintiff amended his complaint by the addition of counts 3 and 4. It is averred in each of the four counts that, at the time of the injury of plaintiff's automobile, the defendant was driving his own car and the negligence complained of is directly charged to defendant. At a later date, the plaintiff further amended his complaint by adding thereto counts 5 and 6, in which counts the negligence complained of is charged to defendant's servant or agent, in the operation of the car. Each of the counts is predicated upon simple negligence.

To each of the counts the defendant filed a number of grounds of demurrer.

Manifestly, counts 1, 2, 3, and 4 state a cause of action against the defendant, and for an act of simple negligence. These counts were not subject to any ground of demurrer assigned thereto, and the court correctly overruled the defendant's demurrer. We can scarcely see just how these counts could be made clearer and more certain in their averments of negligence.

To counts 5 and 6 the demurrer takes the point that these counts are a departure from the "original complaint," in that the original complaint counted upon the personal acts and derelictions of defendant, individually, whereas the added counts 5 and 6 ascribe the injury to plaintiff's car to acts of defendant's agent or servant operating the car. If these added counts were in fact a departure from the original cause of action, which is not the case, demurrer was not the proper way to present the question, as has been repeatedly held by this Court. Curry v. Southern Ry. Co., 148 Ala. 57, 42 So. 447; Louisville & Nashville R. R. Co. v. Barker, 96 Ala. 435, 11 So. 453; Freeman v. Speegle, 83 Ala. 191, 3 So. 620.

E. W. Godbey, of Decatur, for appellant.

■■ It has also been repeatedly held that counts charging simple negligence on the part of the defendant may be amended by charging negligence (simple) on the part of its agents, servants, or employees within the line and scope of their duty, without changing the cause of action, and the amendment relates back to the filing of the complaint, and is not subject to the bar of the statute of limitations, unless the bar was complete against the action as and when first filed. Hess v. Birmingham R., L. & P. Co., 149 Ala. 499, 42 So. 595; Nelson v. First National Bank, 139 Ala. 578, 36 So. 707, 101 Am. St. Rep. 52.

■ In Central of Georgia Ry. Co. v. Foshee, 125 Ala. 199, 222, 225, 27 So. 1006, 1015, it is held: "So long as counts added by amendment set up the same general transactions or occurrences upon which the original complaint relied for recovery, they do not introduce an entirely new cause of action, and are not objectionable, though the form of action may be changed by them as from trover to case, or vice versa, or from case to trespass."

So, even if we treat the demurrer as a proper way to present the question of a departure in pleading, it follows that the action of the court in overruling the demurrer was free from error.

Counsel for appellant has here argued that certain of the counts of the complaint—those first filed—are in trespass. Of course, in this counsel is mistaken. All counts of the complaint are in case, and all relate to the same occurrence.

This disposes of all grounds of demurrer assigned to the several counts of the complaint, which have been argued in brief of appellant.

From what has been said above it will also appear that the defendant has no just cause of complaint that the court, at the request in writing of plaintiff, charged the jury that, if they believed the evidence, they could not find for defendant under its sixth plea, setting up the statute of limitations. The cause of action, if any, accrued on the 10th day of December, 1928, and the action was commenced on December 26, 1928, and all added counts related back to the time of the bringing of the suit.

■ Appellant's assignments of error 48 and 49 present for review certain portions of the court's oral charge, which appear in the report of the case. In the case of Central of Georgia Ry. Co. v. Foshee, 125 Ala. 199, 27 So. 1006, 1011, Chief Justice McClellan, writing for the court, said: "There is a doctrine, fully approved by this Court to the general effect that where the party injured was suddenly placed, by the wrong of the defendant, in a position of extreme and imminent peril, necessitating, to his extrication, quick decision and action on his part, he will not be held to the same correctness of judgment and action as if he had time and opportunity to fully consider the situation, and to choose the best means of escaping the peril; or, in other words, adopting a formulation of this principle which has been approved by this court, where, by the negligence of the defendant, or those for whom he is responsible, the plaintiff has been suddenly placed in a position of extreme peril, and thereupon does an act which, under the circumstances known to him, he might reasonably think proper, but which those who have a knowledge of all the facts, and time to consider them, are able to see was not in fact the best, the defendant cannot insist that under the circumstances the plaintiff has been guilty of negligence. 'Perfect presence of mind, accurate judgment, and promptitude under all circumstances are not to be expected. You have no right to expect men to be something more than ordinary men.' "

This, in substance and effect, is what the court charged the jury, and to which the exceptions were reserved. The criticism leveled against the charge is predicated upon the theory (1) that there was "no replication setting up fright and demoralization," and (2) "that what a reasonable person would do under the circumstances is a fatuous test." There is nothing in these objections. It may be, however, that the charge is subject to the criticism that it omits reference to whether the plaintiff, by his acts, produced the "sudden peril." But, if such was conceived to be the case, the defendant should have asked instructions, directing the attention of the jury to the qualification of the principle that the plaintiff could not claim the benefit of the doctrine if he, or his agent, brought about the emergency.

■■ The defendant was not entitled to the affirmative charge on any of the counts, in which it is charged that the defendant's car was being driven by himself, and not by his servant. The defendant was personally present in the car at the time, and it was being driven by another for him, according to defendant's own evidence, when the accident occurred. If it be conceded that, as to counts 1, 2, and 3, there was a variance between the allegata and probata in this respect, it does not appear from the evidence that such variance was called to the attention of the court. Rule 35 was intended to meet just such contingencies.

■ No argument is submitted to support the correctness of other charges requested by the defendant, and refused by the court. We therefore do not feel called upon to discuss them.

■ The defendant asked the plaintiff, when testifying as a witness, "There was no one wounded or maimed, or no bones broken,

or no blood shed on the part of any of the occupants of your car?" The plaintiff objected to the question. The court sustained the objection, and defendant excepted. The testimony was wholly immaterial and irrelevant to any issue in the case. However, the witness answered, "I will state there were no bones broken, and no blood shed, and no one was killed."

Ordinarily, a witness who has had the experience of the witness Peeden was qualified to answer the questions made the bases of appellant's assignment of error 67, but the questions, as applied to the case under consideration, pretermit all consideration of the conditions prevailing just before and during the time the car was going the fifty or sixty feet, and of the effect of the emergency then present and existing upon the mind and actions of the driver of the car. The same criticism applies to assignment of error 68.

We have carefully considered the exceptions reserved by defendant to rulings of the court upon the evidence in the case, and we find no reversible error.

The judgment of the circuit court will be here affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.