80 So.2d 256

**UNITED STATES STEEL CORP.**

v.

**Mamie McGEHEE, as Adm'x.**

6 Div. 753.

Supreme Court of Alabama.

March 31, 1955.

Rehearing Denied May 19, 1955.

Jas. R. Forman, Jr., Burr, McKamy, Moore & Tate, Birmingham, for appellant.

T. Eric Embry, Robt. W. Gwin and D. C. Ewing, Birmingham, for appellee.

STAKELY, Justice.

Isaac McGehee instituted this suit against the Tennessee Coal, Iron and Railroad Company on November 27, 1951. While this suit was on appeal and prior to submission in this court, Isaac McGehee died. The cause was thereupon revived in the name of Mamie McGehee as administratrix of the Estate of Isaac McGehee, deceased. The complaint contained one count claiming damages for breach of a collective bargaining agreement or contract made and entered into on January 14, 1943, by and between the defendant and the International Union of Mine, Mill and Smelter Workers, said contract having been made by the aforesaid union for the use and benefit of its members including the plaintiff. The complaint further alleged that by the aforesaid contract the defendant had agreed to make reasonable provisions for the safety and health of its employees including plaintiff and to install proper ventilating systems where needed but that the defendant had broken said promises and as a proximate result thereof plaintiff had contracted the disease of silicosis or had suffered an aggravation of such preexisting disease, resulting in physical disability and loss of earnings.

The case came up for trial on December 7, 1953, and on this date the plaintiff amended his complaint by filing four counts. Only count 1 and 3 thereof are material here as counts 2 and 4 were withdrawn prior to submission of the case to the jury. The amendment changed count 1 of the original complaint so as to allege a breach of a written agreement or contract dated May 2, 1945, between the defendant and the International Union of Mine, Mill and Smelter Workers of which contract the plaintiff was a third party beneficiary. The contract dated May 2, 1945, was attached to the count as Exhibit A. Similar breach of this contract and resulting damages were alleged as had been alleged in respect to the contract dated January 14, 1943, in the original complaint. Count 3 of the amended complaint declared upon a written contract or agreement dated May 3, 1947, alleging similar breach of this contract and similar damages as had been alleged in count 1. This amendment changed and corrected the name of the defendant from Tennessee Coal, Iron and Railroad Company to the United States Steel Corporation, a successor corporation, by way of merger with the original named defendant.

In all of these counts damages were sought from the defendant for a particularly stated period of time, which was alleged in the original complaint as being from to-wit the 27th day of November, 1945, to to-wit the 30th day of June, 1947. In all of these counts it was alleged that the breach and resulting damages therefrom occurred during the period from the 27th of November, 1945, to the 30th day of June, 1947.

After demurrers to the complaint as last amended were overruled the defendant filed a plea of the general issue in short by consent with leave to give in evidence any matter which if well pleaded would be admissible in defense of the action with like leave to the plaintiff to so reply. At the close of the testimony the court denied to the defendant its written request for the affirmative charge in its favor on each count of the complaint and submitted the case to the jury which returned a verdict in favor of the plaintiff upon which judgment was entered. There was a motion for a new trial which the court overruled.

The errors assigned upon the record are based on the refusal of the court to grant defendant's request for the affirmative charge in its favor under either or both of the counts submitted to the jury and also on the trial court's refusal to grant defendant's motion for a new trial, the grounds urged in support thereof being that the counts added by amendment amounted to an entire change

of causes of action from that originally declared and further that the counts added by amendment were entirely new and distinct causes of action from that originally declared on and the statute of limitations continued to run against the same until the time of the filing of the amendment at which time the bar of the statute of limitations had become complete.

In view of the fact that the appellant desires on this appeal to raise only issues involving questions as to departure in pleadings and as to defendant's defense of the statute of limitations of six years, a full statement of the evidence is not considered necessary for the purposes of this appeal. It is conceded that the evidence was sufficient to justify the jury in finding that the plaintiff was a red ore miner for the defendant for the period beginning around 1913 up until the 8th day of June, 1947, when he retired from the employment of the defendant, having reached the age of 65 years on June 6, 1947, that the defendant during the periods covered by amended counts 1 and 3, that is from the 27th day of November, 1945, through the 8th day of June, 1947, failed to install, where needed, proper ventilating systems as required by the particular contract made the basis of the particular count and that as a result of such breach of contract, the plaintiff was exposed to silica dust which caused him physical disability and loss of earnings.

The contract of May 2, 1945, between the defendant and the Union, made the basis of count 1 of the amended complaint, was introduced in evidence as Exhibit A. By stipulation between the parties it is omitted from the record as it already appears verbatim in the record as part of the pleadings. To further shorten the trial there was introduced in evidence as plaintiff's Exhibit 1 a stipulation between the parties which provided for the substitution of the entity known as United States Steel Corporation for the named defendant, Tennessee Coal, Iron and Railroad Company, and further set out the plaintiff's work record with the defendant and further stipulated that the contract between the

defendant and the Union dated May 3, 1947, contained similar terms and conditions to the contract of May 2, 1945, between the same two parties, thereby obviating the necessity of introducing a copy of said contract.

By its assignments of error the appellant desires to raise only issues growing out of the counts added by amendment, that is (1) whether such amendment constituted a complete change from the cause of action originally declared on so as to entitle the defendant to the affirmative charge and (2) whether defendant's plea of the statute of limitations of six years entitled it to the affirmative charge under either or both of the counts submitted to the jury.

The original complaint sought recovery for the breach of a collective bargaining agreement or contract made and entered into on January 14, 1943, alleging that the defendant failed to install, where needed, a proper ventilating system as required by said contract and further alleging that by reason of such failure the plaintiff suffered personal injuries, impairment of earning capacity and loss of earnings.

The count was similar to the complaint considered by this court in the case of Tennessee Coal, Iron & R. Co. v. Sizemore, 258 Ala. 344, 62 So.2d 459, being based upon the same contract declared on in amended Count A. In the Sizemore case it was held by this court that such count was in assumpsit for a breach of the contract, the plaintiff having the right either to sue in tort for negligent failure to provide a proper ventilating system where needed or sue on the contract.

We note that in the original complaint it is alleged that the contract of January 14, 1943, remained in full force and effect from that date until June 30, 1947. We cannot escape the fact, however, that the contract dated May 2, 1945, on which the amended count 1 is based expressly shows that the contract of January 14, 1943, was terminated by the contract of May 2, 1945. The contract of May 2, 1945, is attached as Exhibit A to the amended count 1. We quote from Section 14 of this contract as follows:

"Section 14—Prior Agreements. This agreement terminates the agreement of January 14, 1943."

When the case came on for trial on December 7, 1953, the plaintiff filed an amendment to the complaint changing the original count 1 so as to declare on a collective bargaining agreement or contract dated May 2, 1945, and adding count 3 which declared on a contract or collective bargaining agreement dated May 3, 1947.

■ The question of whether a particular amendment adds a new cause of action has been many times treated by this court. In the recent case of Isbell v. Bray, 256 Ala. 1, 53 So.2d 577, 579, this court said:

"In the case of Gaines v. Birmingham R. L. & P. Co., 164 Ala. 6, 51 So. 238, it was said: 'The question of the right to amend, and what constitutes a departure, has been rather a perplexing one, and upon which this court has not been entirely harmonious. But, the majority holding in the case of Alabama (Consol. Coal & Iron) Co. v. Heald, 154 Ala. 580, 45 So. 686, which has been since cited approvingly by this court, and the case of Alabama (Terminal & Improvement) Co. v. Hall [& Farley], 152 Ala. 262, 44 So. 592, are conclusive on this subject, and the rule there laid down has been approvingly emphasized by a change in the * * * Code of 1907 (section 5367), from what it was in section 3331 of the Code of 1896. In the Heald case, supra, we held the criteria to be as follows: "A new cause of action is not set up by amendment, within the rule governing the statute of limitations in such cases, where the same substantial facts are pleaded merely in a different form, so that a recovery on either count of the complaint would bar a recovery on the other. * * * As long as the plaintiff adheres to the contract or the injury originally declared upon, an alteration of the modes in which the defendant has broken the contract or caused the injury is not an introduc-tion of a new cause of action. The test is whether the proposed amendment is a different matter, another subject of controversy, or the same matter more fully .or differently laid to meet the possible scope * * * of the testimony." ' "

■ The test of departure therein quoted with approval by this court was whether or not a recovery on either the original or amended count of the complaint would bar a recovery on the other count. It seems clear to us that when the amendments in the present case are so tested, there can be no room for argument but that new causes of action were added by the amendment. The original count sought damages for breach of a contract dated January 14, 1943, while amended count 1 sought damages for breach of a contract dated May 2, 1945, and the amended count 3 sought recovery for breach of a contract dated May 3, 1947. This is not the situation as was the case of Mutual Savings Life Ins. Co. v. Alsup, 224 Ala. 111, 138 So. 824. In this latter case it was held that the court did not err in permitting the amendment of the complaint because the amendment merely changed the date of the policy. In that case it appears that there was a mistake in the date of the policy and therefore the subject matter of both the original complaint and the amended complaint was the same. But in the instant case there is no mistake in the date of the original contract. The original contract was a contract separate and distinct from the contracts on which amended count 1 and amended count 3 are based. We, therefore, are of the opinion that the amended complaint worked an entire change of the cause of action.

It is argued, however, that the contract alleged to have been breached is made definite and ascertainable by allegations as to the period of time during which the breach occurred as well as the detailed nature and character of the breach by the same averments in both the original and amended complaint and since there was never but one contract in force between the parties during the particular period,

all of this shows that the amendment refers to the same transaction, property, title and parties as the original complaint within the meaning of § 239, Title 7, Code of 1940. Accordingly, it is further argued that the amendment relates back, is not a departure and is not barred by the statute of limitations, to which we shall next refer.

■■ The alleged fact that the breaches under the separate contracts are similar and for the same period is not conclusive. The suit is not for a wrong, but for breach of contract. Tennessee Coal, Iron & R. Co. v. Sizemore, supra. Here there are three separate and distinct contracts. An amendment claiming for the breach of a separate and distinct contract from that originally sued on, is not the same cause of action as the original cause of action. The plaintiff in the amendment has not adhered to the contract originally declared upon. Isbell v. Bray, supra.

■■ Appellee takes the further position that the amended complaint shows on its face that the date of the contract originally sued on was mistakenly alleged because the contract of 1943 expired on May 2, 1945, which was prior to the period during which the plaintiff was exposed to the hazards of the dust. Hence it is argued that the contract originally sued on was in truth the contract of May 2, 1945 and not the contract of January 14, 1943. It is sufficient to say that we must take the allegations as they are and not indulge in inferences as to matters not expressly alleged. There is no allegation of any such mistake in the amendment nor is there any proof to which our attention has been directed which shows that the contract sued on in the amendment and the contract originally sued on are both the contract of May 2, 1945.—Section 239, Title 7, Code of 1940. There is nothing in the charge of the court to show that any such issue was submitted to the jury.

■ Furthermore where there is an amendment to a complaint which adds a new cause of action, it does not relate back to the commencement of the suit insofar as the statute of limitations is concerned and in the present case the affirmative charge as requested by the defendant should have been given upon its defense of the statute of limitations of six years. Sullivan v. North Pratt Coal Co., 205 Ala. 56, 87 So. 804; Roth v. Scruggs, 214 Ala. 32, 106 So. 182.

■ The amendment to the complaint was filed December 7, 1953, and sought damages for breach of the contract which occurred from towit November 27, 1945 to June 30, 1947. This breach was more than six years prior to the time the amendment was filed. § 21, Title 7, Code of 1940. The statute of limitations begins to run from the time the cause of action accrues which in the instant case is when the plaintiff became entitled to begin and prosecute an action for breach of the contract. Esslinger v. Spragins, 236 Ala. 508, 183 So. 401.

■ We may add that where there is a plea in short by consent of the general issue with leave to give in evidence any matter which would be a good defense if specially pleaded, that this makes available to the defendant the defense of the statute of limitations. Sullivan v. North Pratt Coal Co., supra; Moore v. Williamson, 210 Ala. 427, 98 So. 201.

The result is that the judgment of the lower court must be reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.