MADDOX, Justice.
This appeal arises from an action in unlawful detainer for realty rented by Harold Ray Rogers (Lessee) from Ernest and Geraldine Mitchell (Lessors). The trial court found in favor of the Lessors in their unlawful detainer and detinue action, but against them for their claim of damages. The trial court decided against Rogers on his counterclaim for repairs. We. affirm.
*264 The facts are as follows:
On February 28, 1975, Lessee agreed to pay the Lessors $600 per month for two years for the use of certain land and buildings located in Birmingham, Alabama. The lease contained a fire provision which stated that the Lessors could terminate the lease in the event a fire occurred and the insurance proceeds were insufficient to allow the Lessors to repair the building.
A fire occurred on March 25, 1976. On April 1, 1976, the Lessors notified Lessee that the lease was terminated. The testimony at trial was in dispute as to whether Lessors orally agreed that if Lessee repaired the premises the amount expended for repair would be set off against rent. While there was a dispute whether an agreement was made, it is undisputed that Lessee did undertake to repair the building.
On July 15, 1976, the Lessors sold the land and burned buildings to Berman Realty Co., Inc. of Birmingham, Alabama.
Lessee ceased to pay rent after the fire so the Lessors filed suit for the rent due from March 1, 1976, until July 15, 1976, the day that the property was sold to Berman Realty Co., Inc. Lessors obtained a judgment in district court for $2,700. The district court denied Lessee’s counterclaim for the amount that he had spent making repairs on the building. Lessee appealed the case to circuit court for a trial de novo.
On appeal to the circuit court, the Lessors amended their complaint to claim attorneys’ fees, damages from March 1, 1976, through February 28, 1977, and statutory double damages for the period after February 28, 1977 (the expiration date of the lease).
The jury found in favor of the Lessors in the unlawful detainer and detinue action; the jury found against the Lessors for damages, rent, and attorneys’ fees. They found against Lessee on his counterclaim for repairs and for breach of a covenant to repair. Lessors made a motion pursuant to Rule 50(b) ARCP for a judgment notwithstanding the verdict. This motion was denied; the Lessors appealed to this Court.
Lessors raised the following three issues: (1) Was it reversible error for the Lessee’s counsel to comment in his closing argument on the money received from various sources by the Lessors for this realty? (2) Where an action to recover rent and an action brought under § 6-6-314, Code of Ala.1975 (double damages) are consolidated for trial with an action for unlawful detainer, is it reversible error for the trial judge to allow Lessee to try the title to the property? (3) Could the jury verdict be justified on any reasonable hypothesis presented by the evidence?
I
In regard to the first issue, we have reviewed the argument and find that the statement made by the defense counsel to the jury in his closing argument was based on evidence admitted by the court during the course of the trial; therefore, there was no reversible error here.
II
The second issue relates to the fact that evidence was admitted at the trial concerning the sale of the subject property by the Lessors to Berman Realty Co.
Section 6-6-336, Code of Ala.1975, states the following:
“The estate or merits of the title cannot be inquired into on the trial of any complaint filed under this article, but all legal and equitable defenses may be had against a recovery for damages or for the unlawful detention of the land.”
This section was interpreted in Archer v. Sibley, 201 Ala. 495, 78 So. 849 (1918) to mean that while the parties may not inquire into the title for the purpose of defeating the plaintiff’s right to recover possession, it may be inquired into as a defense against the recovery of rent or damages for the detention. Thus, in the present case where the rent and damages were an element of the action, it was not error to inquire into the ownership of the property.
It should also be noted that the judge gave the following instructions to the jury:
“Now, under the law of this case, Mr. and Mrs. Mitchell are the proper parties *265 to file suit for the possession of the property, and any damages for the detention, regardless of the present ownership of the property. In this kind of case, we do not try the Title to the property, or worry about anybody else’s interest in it. You are instructed, as a matter of law, that you will deal with Mr. and Mrs. Mitchell in this. Any damages that you may award to Mr. and Mrs. Mitchell for detention of the land and building, will be for the entire period after April 15,1976, and that award, if any, would enure to the benefit of any other person entitled to share in this, and would be binding on such other persons.”
Ill
The Mitchells’ third contention is that the verdict in favor of Rogers for the rent cannot be justified by any logical reasoning based on the evidence and is in direct conflict with the jury’s verdict on the unlawful detainer and counterclaim issues.
Every presumption is indulged in favor of a jury verdict, and this presumption is strengthened in cases where the trial judge refuses to grant a motion for a new trial. Hodges & Company v. Albrecht, 288 Ala. 281, 259 So.2d 829 (1972).
In determining if a reasonable hypothesis existed for the verdict, the following jury instructions are relevant:
“Now, in connection with the counter claim, Mr. Rogers says in his counter claim that Mr. and Mrs. Mitchell owed him by contract, the duty to repair the property after the fire. If you are reasonably satisfied that Mr. and Mrs. Mitchell knew of the repairs that Mr. Rogers had made prior to him being notified to cease and stop the repairs, then Mr. Rogers is entitled to set off the reasonable cost of such repairs so made, against the amounts due to the plaintiffs for rent. The amount of such set off is for your determination, based on the evidence.”
The jury could have inferred that the costs of repair by Lessee, and the damages suffered by him because of the Lessors’ failure to repair were equivalent to the Lessors’ legitimate claim for rent.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C. J., and JONES, SHORES and BEATTY, JJ., concur.