BRADLEY, Judge.
This appeal is from a judgment quieting title to real property and awarding $350 damages for unlawfully detaining the property.
On May 2, 1982 Coosa Island Association, Inc., entered into a written agreement with Ann Holcomb to lease lot 2 of the Coosa Island development for ninety-nine years. Mrs. Holcomb issued a check for $100 as a down payment. The agreement provided that the balance of the purchase price, $5,522.55, would be due at closing. *975 The Holcombs never made any further payments on the lot. Mike Gilbert, president of Coosa Island Association, gave the Hol-combs several written notices that he was going to sell lot 2.
In March of 1983 Johnnie Morris entered into a ninety-nine year lease with the Coosa Island Association for lot 2. The Holcombs had a trailer and a storage building on the property after Morris entered into the lease. After leasing the property Morris brought an unlawful detainer action in district court seeking to recover possession of lot 2 from the Holcombs.
The district court granted defendants’ motion to dismiss plaintiff’s suit based on plaintiff’s failure to prove delivery of the required notices for perfection of an action in unlawful detainer. Section 6-6-310(2), Code 1975. Plaintiff appealed to the circuit court and amended his complaint prior to trial to include a count in ejectment. At the close of plaintiff’s evidence, the circuit court permitted plaintiff to amend his complaint to add Coosa Island Association as additional plaintiff and to seek additional relief in the form of a declaratory judgment to quiet title in plaintiffs. The court granted judgment for plaintiffs and denied defendants’ motion for new trial. Defendants appeal to this court.
Defendants’ principal contention here is that the circuit court erred by allowing Morris to amend his complaint to conform to the evidence. They argue that the amendment of the complaint for unlawful detainer to include a declaratory judgment action to quiet title after trial worked a change in the entire cause of action and was therefore impermissible. As authority for their argument defendants rely on rule 13(j), Alabama Rules of Civil Procedure, which provides that a plaintiff who appeals from a district court to a circuit court cannot enlarge the jurisdiction of the lower court by such appeal. To further support their argument the Holcombs cite us to the ease of Vinyard v. Republic Iron & Steel Co., 205 Ala. 269, 87 So. 552 (1921). This case states the jurisdictional boundaries of the circuit court in an appeal from an inferior court as follows:
“The trial of this cause in the circuit court was, under our statute, de nqvo. This means that, subject only to a restriction of the claim to an amount or value within the jurisdiction of the justice court; the trial is had as though the suit originated in the circuit court; and a new complaint or an amendment to the old, may be filed by the plaintiff, provided it does not exhibit an entire change of parties plaintiff or defendant, and does not show a departure from, or change in, the original form of action.”
Vinyard v. Republic Iron & Steel Co., supra (citations omitted).
Defendants’ argument is not without merit. An amendment that changes completely the original form of action is unacceptable. Walker v. Eubanks, 424 So.2d 631 (Ala.Civ.App.1982). However, there is no uniformity in the Alabama case law as to when an amendment does work an entire change in the cause of action. Usually the decision as to whether the amendment changes the cause of action depends on the particular facts of each case. Cases addressing this issue state that, “ ‘... The test is whether the proposed amendment is a different matter, another subject of controversy, or the same matter more fully or differently laid to meet the possible scope ... of the testimony.’ ” Alabama Consolidated Coal & Iron Co. v. Heald, 154 Ala. 580, 45 So. 686 (1907) (quoting from 1 Ency.Pl. & Pr. 564). See also, United States Steel Corp. v. McGehee, 262 Ala. 525, 80 So.2d 256 (1955); Isbell v. Bray, 256 Ala. 1, 53 So.2d 577 (1951). As long as the new claim stated in an amendment is asserted for the same purpose as the original complaint, there is no departure. Thus, it has been stated that an amendment does not constitute a new cause of action where the added count seeks to adjudicate property rights between the same parties, the same property, and arises from the same transaction as found in the original complaint, even where such amendment seeks a different or inconsistent relief. Long v. Ladd, 273 Ala. 410, *976 142 So.2d 660 (1962); Garrett v. First National Bank, 233 Ala. 467, 172 So. 611 (1937); Hill v. Almon, 224 Ala. 658,141 So. 625 (1932).
In the instant case Morris originally brought a suit against defendants for unlawful detainer of the disputed property. Unlawful detainer concerns only the right of possession of property and usually does not involve any question of title in the land. Mitchell v. Rogers, 370 So.2d 263 (Ala.1979). Morris amended his complaint after appeal to include a count in ejectment. Plaintiff, in order to recover in an ejectment action, must prove his legal title to the property. Coffee v. Keaton, 248 Ala. 19, 26 So.2d 80 (1946); Henry v. Brannan, 149 Ala. 323, 42 So. 995 (1906); Jackson Lumber Co. v. McCreary, 137 Ala. 278, 34 So. 850 (1903) (ejectment is a favored method of trying titles to land). Despite the differences noted above between unlawful detainer and ejectment, the amendment of an unlawful detainer action to ejectment has been held to be proper. Pearson v. City of Birmingham, 210 Ala. 296, 97 So. 916 (1923).
Morris’s second amendment contains a quiet title action. A quiet title action determines the rights and interests in land as between plaintiffs and defendants. § 6-6-540, Code 1975. This second amendment seeks a different relief than did the original complaint. However, the amendments involve the same property, essentially the same parties, the same facts, and arise from the same transaction as the original complaint. All of the counts in the complaint are asserted for the same ultimate purpose, to allow Morris to recover exclusive possession of his land. Therefore, under the above cited cases, plaintiffs amendments do not constitute an entirely new cause of action, and are permissible.
However, the cited cases must be read and interpreted in conjunction with the liberality introduced into the amendment procedure by the Alabama Rules of Civil Procedure. Rule 15(b) states in part:
“(b) Amendments to Conform to the Evidence.... If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in the maintaining of his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence. An amendment shall not be refused under subdivision (a) and (b) of this rule solely because it adds a claim or defense, changes a claim or defense, or works a complete change in parties. The Court is to be liberal in granting permission to amend when justice so requires.”
Under rule 15(b), A.R.Civ.P., the party opposing the amendment must prove that the amendment would cause actual prejudice in order for an amendment to be properly disallowed by the court. Bracy v. Sippial Electric Co., 379 So.2d 582 (Ala.1980); see also Committee Comments to rule 15(b), A.R.Civ.P.
In the original and amended complaints, Morris alleges that he claims the property under a lease from the fee title owner and that defendants entered the property under an alleged lease with the fee title owner. Defendants were on notice before trial that Morris intended to bring an ejectment action and that, pursuant thereto, plaintiff would assert his title to the disputed lot. Furthermore, defendants were put on notice during the course of trial that plaintiffs were seeking to quiet title to lot 2. The testimony was as follows:
“Q What is the relief you seek in this proceeding? Is it a declaratory judgment declaring you are the title owner to this property and entitle you to possession thereof?
“MR. KLINE: Object to that.
“THE COURT: Overruled.
“A Yes. I’m asking for that.
“MR. KLINE: The pleadings in this case don’t indicate that.
*977 “THE COURT: It is asking the Court to make a determination. Overruled.”
Being informed that plaintiffs were injecting another theory of recovery into the proceedings, defendants could have requested a continuance in order to prepare a defense to this new occurrence. No such request was made, nor does the record reflect any indication that defendants considered that they might be prejudiced by the allowance of such an amendment. Crigler v. Salac, 438 So.2d 1375 (Ala.1983). In fact, defendants presented no defense and no witnesses on their behalf.
We, therefore, conclude that it was within the circuit court's discretion to allow Morris’s complaint to be amended so as to conform to the evidence presented at trial. The original complaint, prior amended complaint, and trial testimony sufficiently apprised defendants of plaintiffs’ claims.
Because the amendments were properly allowed, it is unnecessary for us to address defendants’ second assignment of error—that defendants were entitled to judgment under Morris’s unlawful detainer claim. An amended complaint supersedes the original complaint so that plaintiff’s complaint seeking relief merely on an unlawful detainer action is treated as though it had never been filed. Therefore, we are concerned here with the amended complaint as it appears in the record from the circuit court. See, e.g., Lipscomb v. Bessemer Board of Education, 258 Ala. 47, 61 So.2d 112 (1952).
The evidence fully supports the trial court’s finding that title and possession properly belonged to the plaintiffs. Additionally, the evidence shows that the defendants abandoned and Morris took possession of the property prior to trial. Where a landlord entered and resumed beneficial use of property after tenants had abandoned the premises, lease was terminated and landlord was not required to comply with default and notice provision of lease as condition precedent to reentering. International Tool & Engineering Co. v. Sullivan, 389 So.2d 138 (Ala.Civ.App.1980).
Defendants’ last contention is that the circuit court improperly awarded plaintiffs $350 as damages for defendants’ unlawful detention of the disputed property. We agree. There was no testimony introduced at trial as to the amount of damages to plaintiffs resulting from the defendants’ occupancy of the land. There was no testimony of any fair rental value of the land as required under section 6-6-314, Code 1975, nor any proof of pecuniary loss suffered by plaintiffs. See, e.g., Revel v. Prince, 37 Ala.App. 457, 69 So.2d 470 (Ala.Ct.App.1954) (the party claiming damages has the burden of proving the existence of and amount of such damages).
That aspect of the judgment awarding plaintiffs title to and possession of the property in question is affirmed; that aspect of the judgment awarding damages to plaintiffs is reversed, and the cause is remanded for entry of judgment in favor of defendants on the damages issue.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and HOLMES, J., concur.