BRYAN, Justice
(concurring specially).
I agree that Wesley Person’s petition for a writ of mandamus is due to be denied, but I write specially to offer guidance to the bench and bar regarding what claims may be raised in the circuit court after a case is appealed from the district court to the circuit court for a trial de novo.
In this case, the district court entered a judgment in favor of George Thagard in the amount of $10,000 plus costs on Tha-gard’s claim that Person had caused a fire to come onto Thagard’s property and that Thagard’s property was damaged as a result. Person appealed to the circuit court for a trial de novo, and Thagard was *306 granted leave by the circuit court to amend his complaint. In his amended complaint, Thagard requested $50,000 in compensatory damages for the items Tha-gard claimed were destroyed by the fire, and he also added negligence claims against three fictitiously named defendants who he claimed had been hired by Person and who, in the line and scope of their employment, had negligently allowed the fire to cross onto Thagard’s land and to damage both his personal property and improvements on his real property. Tha-gard also added a claim of wantonness against Person and the three fictitiously named defendants and requested, pursuant to that claim, $50,000 in compensatory damages and $100,000 in punitive damages.
Person filed a motion to strike Tha-gard’s amended complaint, arguing that, in addition to seeking additional compensatory damages, which Person conceded was proper pursuant to Rule 13(j), Ala. R. Civ. P., Thagard improperly added several fictitiously named defendants, a claim alleging that Thagard was vicariously liable for the actions of those fictitiously named defendants, and a claim for punitive damages. The circuit court denied Person’s motion to strike, and Person has petitioned this Court for mandamus relief.
Person has asked this Court to issue a writ of mandamus ordering the circuit court to strike Thagard’s amended complaint. He relies on this Court’s decision in Vinyard v. Republic Iron & Steel Co., 205 Ala. 269, 87 So. 552 (1921), in which this Court held that, in an appeal to the circuit court for a trial de novo:
“[T]he trial is had as though the suit originated in the circuit court, and a new complaint or an amendment to the old, may be filed by the plaintiff, provided it does not exhibit an entire change of parties plaintiff or defendant, and does not show a departure from, or change in, the original form of action.”
205 Ala. at 272, 87 So. at 555 (internal citations omitted).
Our decision in Vinyard predates the adoption of the Alabama Rules of Civil Procedure. Rule 15(a), Ala. R. Civ. P., provides:
“Unless a court has ordered otherwise, a party may amend a pleading without leave of court, but subject to disallowance on the court’s own motion or a motion to strike of an adverse party, at any time more than forty-two (42) days before the first setting of the case for trial, and such amendment shall be freely allowed when justice so requires.”
Rule 15(b), Ala. R. Civ. P., provides that “[a]n amendment shall not be refused under subdivision (a) ... of this rule solely because it adds a claim or defense, changes a claim or defense, or works a complete change in parties.”
Person argues that Rule 15 does not apply in a trial de novo in the circuit court after an appeal from the district court because Thagard’s complaint in the circuit court is not a “new filing.” However, the definition of “trial de novo” belies Person’s argument. In Ball v. Jones, 272 Ala. 305, 132 So.2d 120 (1961), this Court stated:
“A trial de novo, within the common acceptation of that term, means that the case shall be tried in the Circuit Court as if it had not been tried before, and that that court may substitute its own findings and judgment for that of the lower tribunal. Or as stated in Thompson v. City of Birmingham, 217 Ala. 491, 492,117 So. 406, 407 [ (1928) ]:
“ ‘... when an appeal is allowed by statute from the judgment of an inferior court to a superior court, where the case is to be tried de novo, ... a trial de novo means a new trial “as if *307 no trial had ever been had, and just as if it had originated in the circuit court.” ’ ”
272 Ala. at 309, 182 So.2d at 122. In City of Gadsden v. Harbin, 398 So.2d 707, 709 (Ala.Civ.App.1981), the Court of Civil Appeals stated that “[a] trial de novo is a new trial in which the whole case is gone into as if no prior proceeding had occurred.” In addition, Black’s Law Dictionary defines “trial de novo” as “[a] new trial on the entire case — that is, on both questions of fact and issues of law — conducted as if there had been no trial in the first instance.” Black’s Law Dictionary 1645 (9th ed. 2009).
In Holcomb v. Morris, 457 So.2d 973 (Ala.Civ.App.1984), the Court of Civil Appeals considered the propriety of an order allowing the pleadings to be amended to conform to the evidence presented at trial after an appeal to the circuit court. In that case, the district court ruled in favor of the defendants on the plaintiffs unlawful-detainer action. The plaintiff appealed to the circuit court for a trial de novo and amended his complaint before trial to include a count in ejectment. At the close of the plaintiffs evidence, the circuit court allowed the plaintiff to amend his complaint to add an additional plaintiff and to seek additional relief in the form of a declaratory judgment to quiet title. The circuit court ruled in favor of the plaintiffs, and the defendants appealed and argued, citing Vinyard, supra, that the second amendment was impermissible because it worked to change the entire cause of action.
In affirming the circuit court’s judgment, the Court of Civil Appeals stated:
“An amendment that changes completely the original form of action is unacceptable. Walker v. Eubanks, 424 So.2d 631 (Ala.Civ.App.1982). However, there is no uniformity in the Alabama case law as to when an amendment does work an entire change in the cause of action. Usually the decision as to whether the amendment changes the cause of action depends on the particular facts of each case. Cases addressing this issue state that, “‘... The test is whether the proposed amendment is a different matter, another subject of controversy, or the same matter more fully or differently laid to meet the possible scope ... of the testimony.” ’ Alabama Consolidated Coal & Iron Co. v. Heald, 154 Ala. 580, 45 So. 686 (1907) (quoting from 1 Ency. PI. & Pr. 564). See also, United States Steel Corp. v. McGehee, 262 Ala. 525, 80 So.2d 256 (1955); Isbell v. Bray, 256 Ala. 1, 53 So.2d 577 (1951). As long as the new claim stated in an amendment is asserted for the same purpose as the original complaint, there is no departure. Thus, it has been stated that an amendment does not constitute a new cause of action where the added count seeks to adjudicate property rights between the same parties, the same property, and arises from the same transaction as found in the original complaint, even where such amendment seeks a different or inconsistent relief. Long v. Ladd, 273 Ala. 410,142 So.2d 660 (1962); Garrett v. First National Bank, 233 Ala. 467, 172 So. 611 (1937); Hill v. Almon, 224 Ala. 658,141 So. 625 (1932).
“In the instant case [the plaintiff] originally brought a suit against defendants for unlawful detainer of the disputed property. Unlawful detainer concerns only the right of possession of property and usually does not involve any question of title in the land. Mitchell v. Rogers, 370 So.2d 263 (Ala.1979). [The plaintiff] amended his complaint after appeal to include a count in ejectment. Plaintiff, in order to recover in an ejectment action, must prove his legal *308 title to the property. Coffee v. Ke[e]ton 248 Ala. 19, 26 So.2d 80 (1946); Henry v. Brannan, 149 Ala. 328, 42 So. 995 (1906); Jackson Lumber Co. v. McCreary, 137 Ala. 278, 34 So. 850 (1903) (ejectment is a favored method of trying titles to land). Despite the differences noted above between unlawful de-tainer and ejectment, the amendment of an unlawful detainer action to ejectment has been held to be proper. Pearson v. City of Birmingham, 210 Ala. 296, 97 So. 916 (1923).
“[The plaintiffj’s second amendment contains a quiet title action. A quiet title action determines the rights and interests in land as between plaintiffs and defendants. § 6-6-540, Code 1975. This second amendment seeks a different relief than did the original complaint. However, the amendments involve the same property, essentially the same parties, the same facts, and arise from the same transaction as the original complaint. All of the counts in the complaint are asserted for the same ultimate purpose, to allow Morris to recover exclusive possession of his land. Therefore, under the above cited cases, plaintiffs amendments do not constitute an entirely new cause of action, and are permissible.
“However, the cited cases must be read and interpreted in conjunction with the liberality introduced into the amendment procedure by the Alabama Rules of Civil Procedure.”[1]
Holcomb, 457 So.2d at 975-76.
Although Thagard’s amended complaint asserts claims against additional defendants and alleges additional theories for relief, the amended complaint involves the same parties and the same facts and arises from the same transaction as the original complaint filed in the district court. Furthermore, “[a]ll the counts in the [amended] complaint are asserted for the same ultimate purpose,” i.e., to allow Thagard to recover for damage caused when a fire on Person’s property came onto Thagard’s property. Holcomb, 457 So.2d at 976. In light of the definition of “trial de novo,” the above-quoted provisions of Rule 15, and the cases cited above, Person has failed to show that he has a clear legal right to an order from this Court requiring the circuit court to strike Thagard’s amended complaint. See Ex parte Monsanto Co., 862 So.2d 595, 604 (Ala.2003) (noting that “ ‘[a] writ of mandamus is an extraordinary remedy [that] “will be issued only when there is[, among other things,] a clear legal right in the petitioner to the order sought” ’ ” (quoting Ex parte Butts, 775 So.2d 173,176 (Ala.2000))).

. This Court has stated:
"Regarding the application of Rule 15, A[la], R. Civ. P., this Court, in Stead v. Blue Cross-Blue Shield of Alabama, 294 Ala. 3, 6, 310 So.2d 469, 471 (1975), said:
" ‘We simply state here that if Rule 15 is to be of any benefit to the bench, bar, and the public, the trial judges must be given discretion to allow or refuse amendments. However, we state that amendments are to be freely allowed and refusal of an amendment must be based on a valid ground. We state also that Rule 15 must be liberally construed by the trial judges. But, that liberality does not include a situation where the trial on the issues will be unduly delayed or the opposing party unduly prejudiced.'"
Hayes v. Payne, 523 So.2d 333, 334 (Ala. 1987). Person has not alleged that trial on the issues raised in Thagard’s amended complaint will unduly delay trial or that he has been unduly prejudiced by the amended complaint.