# Waters *v.* The State.

*Prosecution for Failure to Work Public Road.*

1. *Failure to work public road; judicial knowledge; when there is failure to prove the venue.*—Where, in a prosecution for the failure to work a public road after notice, the affidavit of complaint, upon which the warrant was issued, charges that the defendant "after having been duly summoned to appear and work the Columbia and Rocky Creek road, beginning at the forks of Rocky Creek and Dothan Road, and running to the six mile post towards Ashford, Alabama, failed to appear and work said road," the court can not take judicial knowledge that such part of the road as is described in the complaint was in the county where the prosecution was instituted and being conducted; and in the absence of evidence that the road described was in said county, there is a failure to prove the *venue* of the offense charged; and the affirmative charge requested by the defendant should be given.

2. *Same; charge to the jury.*—In a prosecution for failure to work a public road after notice, where the defendant claims and offers evidence to prove that he had been notified by another overseer to work a different road, and had performed work on that road, it is not error. for the court to refuse to instruct the jury, upon the request of the defendant that "in determining the guilt or innocence of the defendant, the jury should look to the fact, if it be a fact, in connection with all the evidence, that defendant was notified by two overseers to work two different roads at or about the same time, if they further believe that such warnings were given at or about the same time."

APPEAL from the Circuit Court of Henry.

Tried before the Hon. J. W. FOSTER.

The prosecution in this case was commenced before a justice of the peace of Henry county, and charged that "Bob Waters, after having been duly summoned to appear and work the Columbia and Rocky Creek Road, beginning at the forks of Rocky Creek and Dothan Road and running to the six mile post toward Ashford, Ala., failed to appear and work said road against the peace and dignity of the State of Alabama." A warrant was issued upon this affidavit, and the defendant was tried and convicted by the justice of the peace for failure to work the public road after having received notice. An appeal was then taken by the defendant to the circuit court. As shown by the record, the affidavit and warrant were substituted or used upon the trial in the circuit court for the information or complaint, which is required to be filed by the solicitor in cases of appeal. The sufficiency of the affidavit and warrant was not questioned by demurrer or otherwise, but the cause was tried thereupon as they were prepared by the justice of the peace.

The evidence for the State tended to show that the defendant failed to appear and work the public road designated in the affidavit, after having been notified by the overseer of such road to do so. The evidence for the defendant tended to show that he had been notified by another overseer to work a different road, and had performed the work on that road. The defendant requested the court to give to the jury two charges, and separately excepted to the court's refusal to give each of them as asked. The first charge was the general affirmative charge in his behalf. The second charge was as follows : "In determining the guilt or innocence of the defendant, the jury should look to the fact, if it be a fact, in connection with all the evidence, that defendant was notified by two overseers to work two different roads at or about the same time, if they further believe that such warnings were given at or about the same time." After the return of the verdict of guilty, the defendant moved the court for an arrest of judgment, upon the grounds "that the affidavit of complaint before the justice of the peace, whereby the prosecution in said cause was commenced, and which, by consent, was substituted for the information or complaint, required to be filed by the

[Waters v. The State.]

solicitor on appeal from a conviction by the justice, was and is fatally defective, in that it did not charge that the defendant was liable to road duty, and for other manifest defects in the record appearing." This motion was overruled, and the defendant duly excepted.

W. W. SANDERS, for appellant, cited *Cawthorn v. State*, 63 Ala. 157; *Brown v. State*, 100 Ala. 92; *Stone v. State*, 105 Ala. 60.

WILLIAM C. FITTS, Attorney-General, for the State.

McCLELLAN, J.—We cannot judicially know that that that part of the "Columbia and Rocky Creek road beginning at the forks of Rocky Creek and Dothan road and running to the six mile post toward Ashford, Ala.," is in Henry county. There is no evidence in the record —and the bill of exceptions purports to set out all the evidence in the case—that the road described is in said county. On this state of the record, there is a manifest failure of the prosecution to prove the venue—that the defendant willfully failed or refused to work a public road in Henry county; and the affirmative charge requested by the defendant should have been given.

We discover no error in the refusal of the court to give the other charge requested by the defendant.

We do not pass upon the ruling on the motion in arrest of judgment; but we remark with a view to another trial that it would at least be safest for a statement to be filed by the solicitor setting forth, among other things, that the defendant was liable to the road duty which he is alleged to have willfully failed or refused to perform.

Reversed and remanded.