# Gaines *v.* Birmingham Ry. L. & P. Co.

## *Injury to Passenger.*

(Injury Dec. 16, 1909.   51 South. 238.)

*Pleading; Amendment; New Cause of Action.*—A count added by way of amendment to a complaint for personal injuries which alleges generally the negligence of the defendant in transporting the plaintiff as a passenger and which refers to the same accident and injury as set out in the original complaint, without setting out the particulars of the accident, does not constitute a departure or a new cause of action, and is not subject to the statute of limitations.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by Ida Gaines against the Birmingham Railway, Light & Power Company, for damages for injury to her when a passenger. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

JERE C. KING, for appellant.—The amendment did not constitute a departure or state a new cause of action, and was not subject to the statute of limitations of one year.—*Southern Ry. Co. v. Cunningham,* 152 Ala. 147; *Hess v. Bir. L. & P. Co.,* 149 Ala. 499; *Chambers v. Talladega R. E. & I. Assn.,* 126 Ala. 296; *Manchester F. A. Co. v. Feibleman,* 118 Ala. 308; *Mobile L. I. Co. v. Randall,* 74 Ala. 170; *Rapier v. Gulf City,* 69

Ala. 180; *Springfield F. & M. Co. v. DeJarnette,* 111 Ala. 258.

TILLMAN, BRADLEY & MORROW, for appellee.—A history of the pleadings in this cause discloses that the count upon which plaintiff went to trial was a departure from the complaint originally and as amended, and hence, the cause of action was barred by the statute of limitations.—*Freeman v. C. of Ga.,* 48 South. 898; *Foshee v. Ry. Co.,* 125 Ala.; *Steiner Bros. v. Nat. Bank,* 115 Ala. 379; *Turner v. White,* 97 Ala. 545; *Adams v. Phillips,* 75 Ala. 461; *Mohr v. Lemle,* 69 Ala. 180; *King v. Avery,* 37 Ala. 169.

ANDERSON, J.—The first count of the complaint claimed damages for an injury sustained by the plaintiff as a passenger on defendant's car, operated on its line between Birmingham and Bessemer; said injury being sustained on or about the 5th day of May, 1906, at or near Powderly. This count also sets out the quo modo, which, in effect, was the negligent starting of the car while plaintiff was attempting to alight, thereby throwing her to the ground and injuring her, etc. The third count, offered by way of amendment, and being the one upon which the case was tried, set out injuries sustained on the same railroad, at the same place, and at the same time as set forth in the first count. The third count did not attempt to set out the quo modo, but averred negligence generally in and about the transportation of the plaintiff as a passenger. Under our liberal system of pleading, this third count was broad enough to include the injury and the negligence detailed in the first count, and did not show upon its face a separate and distinct cause of action from the one set out in the original complaint, and the amendment was properly allowed.—Section 5367 of the

Code of 1907. Indeed, counsel for appellant does not question the propriety of the amendment as disclosed upon the face of the counts, but contends that, notwithstanding the amendment was allowable, the proof developed a different transaction or cause of action from the one set out in the original count, and that it was not within the lis pendens, and could not relate back, so as to intercept the statute of limitations.

The question of the right to amend, and what constitutes a departure, has been rather a perplexing one, and upon which this court has not been entirely harmonious. But the majority holding in the case of *Alabama Co. v. Heald,* 154 Ala. 580, 45 South. 686, which has been cited approvingly by this court, and the case of *Alabama Co. v. Hall,* 152 Ala. 262, 44 South. 592, are conclusive on this subject, and the rule there laid down has been approvingly emphasized by a change in the Code of 1907 (section 5367), from what it was in section 3331 of the Code of 1896. In the *Heald Case, supra,* we held the criteria to be as follows: "A new cause of action is not set up by amendment, within the rule governing the statute of limitations in such cases, where the same substantial facts are pleaded merely in a different form, so that a recovery on either count of the complaint would bar a recovery on the other. * * * As long as the plaintiff adheres to the contract or the injury originally declared upon, an alteration of the modes in which the defendant has broken the contract or caused the injury is not an introduction of a new cause of action. The test is whether the proposed amendment is a different matter, another subject of controversy, or the same matter more fully or differently laid to meet the possible scope of the testimony."

Did the plaintiff receive an injury, and only one, while a passenger on defendant's car between Birming-

ham and Bessemer, at or near Powderly, on May 5, 1906? If she received but one injury, caused by the negligence of the defendant's servants in and about carrying her as a passenger, it matters not as to the manner in which the injury was inflicted' or the description of the negligence proximately causing same. It matters not whether she claimed to have been injured by the car becoming derailed and bumping her, or whether from being thrown to the ground. If she was injured but once, she had a right to describe the cause of same in as many varying forms as she saw fit, and if each count related to the same injury they were all within the lis pendens. The gravamen of the cause of action, as set up in each count and as proved by the plaintiff, was the failure to safely transport her as a passenger on the 5th day of May, 1906, and the injury shown was to her person, at or near Powderly, and it matters not whether done in one way or another. The question is: Was she injured but once on that day and at that place? If she was injured but once, then counts 1 and 3 related to the same injury, and the defendant could not invoke the statute of limitations as to the third count. Of course, if the proof showed that the plaintiff sustained two separate and distinct injuries, so disconnected as to give her two separate causes of action, one being as set out in the first count and the other as proven in the third, then the one might not relate to the other. But we have no such proof in this case, and the evidence showed that the injury sustained happened at the same place and time as the one charged in the first count, and which made out, at least, a prima facie case of but one injury.

The trial court erred in giving the affirmative charge for the defendant.

SIMPSON, DENSON, MCCLELLAN, and SAYRE, JJ., concur.