MILTON WILLIAMS *vs.* TRUSTEES OF NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Suffolk.    December 7, 1949. — February 2, 1950.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Practice, Civil,* Amendment.    *Negligence,* Employer's liability: Federal employers' liability act.    *Employer's Liability,* Federal employers' liability act.    *Jurisdiction,* Federal question.

The question, whether a cause of action under the Federal employers' liability act could be introduced into an action for the first time by amendment after the expiration of the time limited by that act for the bringing of an original action thereunder, was governed by Federal law.

In an action for personal injuries brought against a railroad by its employee within the period limited for the bringing of actions under the Federal employers' liability act, but with a declaration originally setting out only a cause of action at common law, the trial court, after the expiration of such period, had power to allow an amendment of the declaration setting out a cause of action under the Federal statute for the same injuries.

TORT.    Writ in the Superior Court dated May 13, 1942.

A motion to amend the declaration was denied by *Hurley,* J., and the plaintiff alleged an exception.

*H. J. Williams,* (*B. M. Rudman* with him,) for the plaintiff.

*N. W. Deering,* for the defendants.

LUMMUS, J.    This is an action of tort against the trustees of the New York, New Haven and Hartford Railroad, who were engaged in managing that railroad.    The plaintiff was hurt on March 22, 1942, while in the employ of the defendants and engaged in removing garbage from dining cars.    The original declaration, filed on June 1, 1942, contained two counts.    The first count alleged negligence of the defendants in failing to keep the "appliances and ways" in a safe condition, and depriving the plaintiff of "diligent

fellow employees." It alleged that the defendants were not subscribers under the workmen's compensation act. The second count was similar. Neither made any reference to any Federal statute. The plaintiff concedes that both counts were based upon liability at common law.

On October 1, 1948, the plaintiff moved to amend his declaration by alleging in the first count that the defendants were trustees of and managed a corporation which was a common carrier by railroad and engaged in interstate commerce, and that the plaintiff was employed in such commerce, and was injured through the negligence of the defendants in requiring him to do work and furnishing him insufficient appliances and equipment with which to do it. The plaintiff moved to amend the second count by alleging that the defendants were engaged in operating a railroad in intrastate commerce in Massachusetts, and did not have in force a policy of workmen's compensation insurance as defined by law, and that the plaintiff sustained personal injuries arising out of and in the course of his employment.

On November 1, 1948, the judge denied the motion to amend "as a matter of law." The plaintiff excepted.[1]

By his motion to amend the first count, the plaintiff sought to make out a case under the Federal employers' liability act, U. S. C. (1946 ed.) Title 45, § 51 et seq., under § 56 of which State courts and Federal courts have concurrent jurisdiction. Section 51 of that act provides that "Every common carrier by railroad while engaging in commerce between any of the several States . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce . . . resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment." By § 56 of that act,

---

[1] It appeared that, at the April, 1949, sitting of the Superior Court, the jury found for the defendant by order of the court on counts one and two of the original declaration. — REPORTER.

"No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued."

It is true that an amendment which merely expands or amplifies the original statement of the cause of action may be made after the expiration of the three years. *Seaboard Air Line Railway* v. *Renn*, 241 U. S. 290. *Robinson* v. *Trustees of New York, New Haven & Hartford Railroad*, 318 Mass. 121, 125. But it has been held that a cause of action under the Federal employers' liability act is a different cause of action from one at common law or under a State statute, and that it cannot be introduced by amendment after the three years have expired. *Renaldi* v. *New York Central Railroad*, 256 Mass. 337. *Hughes* v. *Gaston*, 281 Mass. 292, 296, certiorari denied 289 U. S. 737. *Gallagher* v. *Wheeler*, 292 Mass. 547, 553. *McCabe* v. *Boston Terminal Co*. 303 Mass. 450, 456.

But cases in the Supreme Court of the United States appear to us inconsistent with the Massachusetts cases just cited. The question is governed by the Federal law and not by the law of Massachusetts. *Seaboard Air Line Railway* v. *Renn*, 241 U. S. 290, 293. *Robinson* v. *Trustees of New York, New Haven, & Hartford Railroad*, 318 Mass. 121, 125. In *New York Central & Hudson River Railroad* v. *Kinney*, 260 U. S. 340, an amendment was allowed more than seven years after the action was begun by alleging that at the time of the injury the plaintiff Kinney was an employee of the defendant railroad engaged in interstate commerce. It was held that the amendment lawfully could be allowed. Mr. Justice Holmes said (page 346) that "when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist." That case cited and followed *Missouri, Kansas & Texas Railway* v. *Wulf*, 226 U. S. 570, 576, where the amendment likewise was made after the time limited for an original action, and it was said that the amendment "introduced no new or different cause of action,

nor did it set up any different state of facts as the ground
of action, and therefore it related back to the beginning of
the suit." A mere change of ground of legal liability, as
from the common law to the Federal employers' liability
act, is no longer deemed the beginning of a new action.
*United States* v. *Memphis Cotton Oil Co.* 288 U. S. 62, 68.
In *McCabe* v. *Boston Terminal Co.* 309 U. S. 624, reversing
the same case in 303 Mass. 450, previously cited, it was
held on the authority of the *Kinney* case that the amend-
ment could be allowed, notwithstanding the fact that a
new action would have been barred by the statute.

In the present case the judge in effect ruled that he had
no power to allow the amendment, and thus prevented the
plaintiff from appealing to the discretion of the court.
*Commonwealth* v. *Fontain,* 127 Mass. 452, 455. *Long* v.
*George,* 296 Mass. 574, 578. *Peterson* v. *Cadogan,* 313 Mass.
133, 134, 135. *Bressler* v. *Averbuck,* 322 Mass. 139, 143.
This ruling, we think, was error.

*Exceptions sustained.*