53 So.2d 577

**ISBELL v. BRAY.**
7 Div. 20.

Supreme Court of Alabama.
June 14, 1951.

Bibb, Blackmon & Bibb, Anniston, for appellant.

Chas. Douglass and L. Chandler Watson, Jr., Anniston, for appellee.

LIVINGSTON, Chief Justice.

The appeal is from a verdict and judgment against appellant, Dr. W. J. Isbell, Jr., in the amount of $9363.00.

The court below allowed amendments of the original complaint which, by the jury's verdict, eventuated in a complete or entire change of causes of action, not permitted under our statutes, and the cause must be reversed. This error, we think, renders unnecessary a consideration of the many other assignments of error. Although there were many amendments, demurrers, motions and rulings thereon, we go directly to the point involved, without more detail than is necessary to illustrate our view.

The case went to the jury on counts 3, 4, 7a and 8a. And the jury returned a verdict for plaintiff under count 7a. The same principles apply to counts 4 and 8a which apply to counts 3 and 7a, as will be demonstrated below, and for that reason we will confine the discussion to counts 3 and 7a, and will refer to the parties as plaintiff and defendant, their respective positions in the lower court.

On or about June 10, 1947, the defendant, Dr. W. J. Isbell, Jr., was driving his automobile along the Anniston-Gadsden highway and ran into plaintiff, Leon E. Bray, who had just alighted from a bus, a public conveyance, and injured him severely. Defendant, at the time, was insured by the State Farm Mutual Auto Insurance Company against liability up to the amount of $10,000.00, protecting him in the operation of his automobile. This policy of insurance had appended to it a medical payments endorsement under which the insurance company agreed with defendant to pay to or for each person sustaining bodily injury caused by accident and arising out of the use of defendant's automobile, by, or with the permission of, defendant, the reasonable expense of medical, surgical, ambulance, hospital, and professional nursing services up to a limit of $500.00, to each person in any one accident.

On July 1, 1947, M. H. Rudisill, Jr., an adjuster for the insurance company, paid plaintiff's hospital and doctor's bills, amounting to $437.00, and gave plaintiff $200.00 in full settlement of all claims against defendant and the insurance company arising out of the accident, and plaintiff executed and delivered to Rudisill a written release, in substance, discharging defendant and the insurance company, their heirs, executors, administrators, agents and assigns, from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature, and particularly on account of injuries which occurred on or about June 10, 1947.

On March 25, 1948 plaintiff instituted suit in the circuit court of Calhoun County, Alabama, claiming $10,000.00 as damages for the personal injuries he received on June 10, 1947. Count 3 of the complaint was based on the alleged simple negligence of the defendant, and count 4 on the willful or wanton misconduct of defendant. To counts 3 and 4, defendant filed a plea of the general issue and a special plea setting up the release of July 1, 1947. To the special plea, the plaintiff replied with facts to show that the release was executed and delivered on account of the fraud, misrepresentation and deceit practiced on plaintiff by Rudisill.

Before the trial of the case, and on September 1, 1948, plaintiff amended his complaint by adding thereto counts 7a and 8a.

Count 7a, alleged in substance, that plaintiff had a claim against defendant for $10,-000.00, and that Rudisill, representing defendant, fraudulently obtained a release of said claim, thereby destroying his cause of action stated in count 3 and damaged him in the sum of $9363.00. Count 8a is similar to count 7a, except that it claims damages for the destruction of plaintiff's cause of action stated in count 4.

By demurrer and motion to strike, each stating appropriate grounds to raise the issue, defendant opposed the addition of counts 7a and 8a by amendment. The trial court overruled defendant's objections in each instance, and, as stated, allowed the amendments and submitted the case to the jury on counts 3, 4, 7a and 8a, and the jury returned a verdict for plaintiff in the amount of $9363.00 under count 7a.

The question then is, does section 239, Title 7, Code of 1940, provide for or permit the amendment here involved. That section provides as follows: "Amendments allowed while cause in progress.—The court must, whilst the cause is in progress, amend all and every such imperfection and defect of form, on motion of the party, without costs and without delay, unless injustice will thereby be done to the opposite party, and must permit the amendment of the complaint by striking out or adding new parties plaintiff, or by striking out or adding new parties defendant, or by striking out or adding new counts or statements of the cause of action, which could have been included in the original complaint or plea, and such amendment shall relate back to the commencement of the suit, and it shall not be held that such new counts or statements of the cause of action relate to new or other causes of action, so long as they refer to the same transaction, property and title and parties as the original, and where this is not apparent on the averments of the pleading, it shall be a question of fact for the jury. But the court shall have the right to refuse the allowance of any amendment to the complaint after the conclusion of the argument, when in its judgment the completion of the trial of the cause would be unreasonably delayed, or when in its judgment injustice would result."

Section 220, Title 7, Code of 1940, provides: "Joinder of action ex delicto, and ex contractu.—All actions ex delicto may be joined in the same suit, and may be joined with actions ex contractu arising out of the same transaction, or relating to the same subject-matter, and the issue may be determined separately by the jury, and the proper judgment shall be rendered by the court and the costs fairly apportioned."

What is now section 239, Title 7, Code 1940, appeared in the Code of 1896 as section 3331. Section 3331 was amended by section 5367 of the Code of 1907. Since 1907 there has been no change in the statutory law embodied in section 5367.

In the case of Gaines v. Birmingham Ry., L. & P. Co., 164 Ala. 6, 51 So. 238, it was said: "The question of the right to amend, and what constitutes a departure, has been rather a perplexing one, and upon which this court has not been entirely harmonious. But, the majority holding in the case of Alabama [Consol. Coal & Iron] Co. v. Heald, 154 Ala. 580, 45 So. 686, which has been since cited approvingly by this court, and the case of Alabama [Terminal & Improvement] Co. v. Hall, 152 Ala. 262, 44 So. 592, are conclusive on this subject, and the rule there laid down has been approvingly emphasized by a change in the * * * Code of 1907 (section 5367), from what it was in section 3331 of the Code of 1896. In the Heald case, supra, we held the criteria to be as follows: 'A new cause of action is not set up by amendment, within the rule governing the statute of limitations in such cases, where the same substantial facts are pleaded merely in a different form, so that a recovery on either count of the complaint would bar a recovery on the other. * * * As long as the plaintiff adheres to the contract or the injury originally declared upon, an alteration of the modes in which the defendant has broken the contract or caused the injury is not an introduction of a new cause of action. The test is whether the proposed amendment is a different matter, another subject of controversy, or the same matter more fully or differently laid to meet the possible scope * * * of the testimony.'"

In dealing with amendments perhaps some of our cases lack accuracy in the employment of the term "new cause of action" as being synonymous with the term "entirely new cause of action," or "a different and independent cause of action." This apparent confusion is, at least, not lessened in some of our cases dealing with the question of when an amendment to the original complaint relates back to the institution of the suit in respect to the application of the statute of limitations.

But the statute of limitations is not presently involved in the case at bar and we lay to one side the consideration of that question.

While our statute on amendments, section 239, supra, is broad and liberal, it is the creation of the law-making power. It provides that "The court must, whilst the cause is in progress * * * permit the amendment of the complaint * * * by striking out or adding new counts or statements of the cause of action * * *," etc. The limitation placed upon the right of amendment being that by it there shall not be wrought a different cause of action or entire change of parties.

Section 220, Title 7, Code 1940, provides that all actions ex delicto may be joined in the same suit. But there is nothing in that section relative to amendments after the suit is filed. Amendments are controlled entirely by section 239, supra.

The case at bar is controlled by the Robins v. Central of Georgia R. Co., case, 212 Ala. 596, 103 So. 672. There the original suit was based on the theory of the turntable cases. On appeal to this court a judgment for plaintiff was reversed for the reason that a 15-year old boy was too old to invoke the protection of the turntable theory. After remand, plaintiff amended his complaint and declared on the negligence of defendant physician in setting his leg. This court denied the right to amend because the claim based on the original complaint had been denied and the amendment set up a new and original cause of action, and was such a departure from the original cause of action as to justify the trial court in striking it on defendant's motion.

The statements made in Bridwell v. Brotherhood of Railroad Trainmen, 227 Ala. 443, 150 So. 338, with respect to adding new counts by amendment to a complaint at law which introduce a new cause of action, must be taken in connection with the situation there under consideration. It was not intended to declare that a new count could be added by amendment containing a new and distinct cause of action which was inconsistent with the cause of action alleged in the original counts, or which would otherwise be a departure from that originally stated. Plaintiff with such a status confronting him must stand on

his original cause of action or bring a new suit. There cannot be an entire change of the cause of action nor an entire change of parties. Spurling v. Fillingim, 244 Ala. 172, 12 So.2d 740. This is accomplished if the new count adds a cause of action which is inconsistent with or a departure from the original cause of action.

The statute, section 239, Title 7, Code 1940, does not otherwise prohibit amendments which add new causes of action. Haynes v. Phillips, 211 Ala. 37, 99 So. 356.

■ In the instant case there was added a cause of action which was inconsistent with and a departure from the original complaint. Where the status appears on the face of the pleading, a motion to strike the amendment or an objection to its allowance is a proper remedy. When this only appears as an incident of the trial, it is the duty of the court to give effect to the principle by an appropriate charge on request or a dismissal of the suit on motion, dependent upon the state of the proceedings.

Reversed and remanded.

BROWN, FOSTER and SIMPSON, JJ., concur.