279 So.2d 132

**The 3M COMPANY, INC., a corporation**

**v.**

**Robert R. DUNN, etc.**

**Civ. 39.**

Court of Civil Appeals of Alabama.

March 14, 1973.

Rehearing Denied May 2, 1973.

Dunn, Porterfield, McDowell & Scholl, and John W. Clark, Birmingham, for appellant.

Orme & Faulk, Troy, for appellees.

BRADLEY, Judge.

Appellant filed a complaint against appellee in the Circuit Court of Pike County claiming $1,500.00 damages as a result of a collision between two motor vehicles. The complaint contained a count in simple negligence and one for wantonness. A plea in short by consent, etc. was filed to this complaint. Then the appellant amended the complaint by adding Count Three.

Count Three averred that appellant suffered damage to its motor vehicle in the amount of $1,500.00 due to unlighted barrels being left in a section of U. S. Highway 43 north of Satsuma, Mobile County, Alabama, where construction was being done by appellee.

A demurrer was filed to the complaint as amended. This demurrer was later withdrawn and a motion to strike Count Three substituted.

The gist of the motion to strike is that Count Three presents a new cause of action and that the matters averred in said count are not germane to those averred in Counts One and Two.

The motion to strike was granted and appellant's motion to reconsider this order was denied. Thereupon the appellant, with leave of court, took a non-suit on account of the adverse ruling on the motion to strike Count Three. Appeal was then perfected to this court.

The four assignments of error contend that the trial court erred as a matter of law in striking Count Three of the com-

plaint. In support of these assignments, appellant says that the only question presented for answer is whether Count Three interjected into the complaint a new cause of action.

Count One claimed damages for the negligence of appellee's motor vehicle colliding with appellant's motor vehicle on a public highway in Pike County, to-wit, U. S. 43, seven miles north of Satsuma, Alabama. Count Two claimed damages for the wanton collision of appellee's vehicle against appellant's vehicle on a public highway in Pike County, to-wit U. S. Highway 43, .7 miles north of Satsuma, Alabama.

Count Three claimed damages from appellee for its having negligently placed and left unlighted barrels on a section of U. S. Highway 43 just north of Satsuma, Mobile County, Alabama where it was doing construction work on said highway, resulting in damage to appellant's vehicle when it collided with these unlighted barrels.

■ It appears from Count One that appellant intended to seek damages caused by the collision of its vehicle with a vehicle owned and operated by appellee on Highway 43 seven miles north of Satsuma, Mobile County, Alabama, but instead of Mobile County it was averred that the accident happened in Pike County. This court takes judicial notice that any point seven miles north of Satsuma on Highway 43 must be in Mobile and not Pike County. Hence we conclude that the wrong county was averred in the first two counts and the allegation in Count Three, added by amendment, that appellant was injured in Mobile County does not work a departure or state a new cause of action.

In Count Three appellant also states new and different facts constituting the negligence of the appellee and describing the manner in which appellant was injured.

The question presented then is whether the addition of a count by amendment in which the manner in which the plaintiff was injured and the negligence proximately causing the same was described differ-

ently constitutes the addition of a new cause of action so as to prohibit the amendment under Section 239, Title 7, Code of Alabama 1940, as Recompiled 1958.

Section 239 provides, in part, as follows:

". . . [A]nd it shall not be held that such new counts or statements of the cause of action relate to new or other causes of action, so long as they refer to the same transaction, property and title and parties as the original, and where this is not apparent on the averments of the pleading, it shall be a question of fact for the jury. . . ."

■ Appellant argues that Title 7, Section 220, Code of Alabama 1940, as Recompiled 1958, which provides that, "all actions ex delicto may be joined in the same suit," permits the inclusion of different causes of action in one complaint and the addition of a different cause of action by amendment is permitted if it could have been included in the complaint in the beginning. This argument has been specifically refuted by our Supreme Court in Isbell v. Bray, 256 Ala. 1, 53 So.2d 577, where it was stated that, "[T]here is nothing in [Section 220, Title 7, Code 1940] relative to amendments after the suit is filed. Amendments are controlled entirely by section 239." See also Ex parte Godfrey, 275 Ala. 668, 158 So.2d 107.

Appellee argues that the trial court properly struck Count Three because it added by amendment a new cause of action to the complaint.

■ The Supreme Court has, on many occasions, been presented with the question of whether or not the addition of a count by amendment presents a new cause of action. That court has also recognized that its decisions on this point have not been extremely harmonious. However, the Supreme Court has consistently found that where the amendment adheres to the original contract or injury declared upon and substantially the same facts are pleaded in both the original complaint and the amend-

ment, then a new cause of action is not asserted by the amendment. Ex parte Godfrey, *supra*; Isbell v. Bray, *supra*; Gaines v. Birmingham Ry., Light & Power Co., 164 Ala. 6, 51 So. 238; Ala. Consol. Coal & Iron Co. v. Heald, 154 Ala. 580, 45 So. 686.

The case of Gaines v. Birmingham Ry., Light & Power Co., *supra*, presents a factual situation about as close to the one at bar as we have been able to find. In that case the complaint set out the claim for damages for an injury suffered by plaintiff at the hands of the defendant while a passenger on defendant's train. The original complaint averred that the cause of the injury was the negligent starting of the train while plaintiff was attempting to depart therefrom, throwing her to the ground, thereby injuring her. The count added by amendment alleged negligence generally in and about the transportation of plaintiff as a passenger. The defense was that the evidence allowed in under the amended complaint set up a new transaction because it showed that the train had derailed, then bumped plaintiff thereby injuring her.

The Supreme Court, in holding that the evidence allowed under the amended complaint did not constitute a new cause of action, said:

"Did the plaintiff receive an injury, and only one, while a passenger on defendant's car between Birmingham and Bessemer, at or near Powderly, on May 5, 1906? *If she received but one injury, caused by the negligence of the defendant's servants in and about carrying her as a passenger, it matters not as to the manner in which the injury was inflicted or the description of the negligence proximately. causing same* . . . . If she was injured but once, she had a right to describe the cause of same in as many varying forms as she saw fit, and if each count related to the same injury they were all within the lis pendens. *The gravamen of the cause of action, as set up in each count and as proved by*

*the plaintiff, was the failure to safely transport her as a passenger on the 5th day of May, 1906, and the injury shown was to her person, at or near Powderly, and it matters not whether done in one way or another.* The question is: Was she injured but once on that day and at that place?" (Emphasis added.)

As we understand the holding in *Gaines*, with specific reference to those portions of the above quotation which we have emphasized, the court reasoned that where there is but one injury resulting from the negligence of the defendant, a new cause of action is not added by amendment nor by the introduction of evidence under that amendment. It matters not how the injury was inflicted or how the negligence proximately causing the injury is described.

In applying the test set out in *Gaines, Godfrey, Isbell* and *Heald, supra*, to the amended complaint in the case at bar, we cannot say from looking at the face of the complaint that more than one injury or collision occurred. We also find that except for the allegations of the manner of the negligence of appellee and the description of the injury to appellant, substantially the same facts are pleaded in both the original complaint and the amendment. We therefore cannot tell from the face of the complaint whether or not the amendment states a new or different cause of action. Thus the question of a new cause of action vel non becomes one for jury determination. See Section 239, *supra;* Louisville & N. R. Co. v. Holmes, 205 Ala. 47, 87 So. 574; Brown v. Loeb, 177 Ala. 106, 58 So. 330.

The trial court erred in granting appellee's motion to strike the count added by amendment. The question should have been submitted to the jury. We therefore reverse and remand this cause for proceedings in accord with this opinion.

Reversed and remanded.

WRIGHT, P. J., and HOLMES, J., concur.

ON REHEARING

Appellee, in its application for rehearing, contends that this court improperly took judicial notice of the fact that "any point seven miles north of Satsuma on Highway 43 must be in Mobile and not Pike County." In support of its contention, appellee cites us to the case of Waters v. State, 117 Ala. 189, 23 So. 28, wherein the Supreme Court said:

"We cannot judicially know that that part of the 'Columbia and Rocky Creek Road beginning at the forks of Rocky Creek and Dothan road, and running to the six-mile post toward Ashford, Ala.' is in Henry County. There is no evidence in the record . . . that the road described is in said county."

We consider the 1897 Supreme Court case of Waters v. State to be distinguishable from the case at bar. In the present case the road referred to is U. S. Highway 43, the only roadway bearing this name and number in the United States, the point of reference being Satsuma, an incorporated town in Mobile County, Alabama; whereas in *Waters*, the roads had local names, which could conceivably refer to more than one road, and the point of reference is a fork in the locally named roads.

■ Furthermore, the Supreme Court, since *Waters*, has taken judicial notice of the fact that a certain town is located in a certain county, and that a certain highway runs through a certain town. See Anniston Electric & Gas Co. v. Elwell, 144 Ala. 317, 42 So. 45; and Cole v. Gullatt, 241 Ala. 669, 4 So.2d 412. We can see no difference in noting these points and in noting their negatives. In other words, since we can judicially know that a highway runs through a certain town and not through others, we can also know that a highway runs through certain counties and not through others, or that a point to wit

seven-tenths or seven miles from a certain town is located in a certain county.

Our Supreme Court has also said:

"It is customary for courts to take judicial knowledge of what ought to be generally known within the limits of their jurisdiction. This cognizance may extend far beyond the actual knowledge, or even memory of judges, who may therefore resort to such documents of reference, or other sources of information as may be at hand, and may be deemed worthy of confidence. . . ."

Green v. Mutual Benefit Health & Accident Assn., 267 Ala. 56, 99 So.2d 694; Hodge v. Joy, 207 Ala. 198, 92 So. 171; Gordon v. Tweedy, 74 Ala. 232. This statement of the subject matter of judicial knowledge is both general and flexible enough to meet the changing character of modern society. Not only is society more mobile in 1973 than it was in 1897, but the location and direction of major highways of our state are more generally known within our statewide community than they were in 1897. We would also point out that the matter of which we have here taken judicial notice is subject to irrefutable verification by reference to the official maps of this state.

After taking judicial notice of the fact that the place of injury alleged in Count One and Count Two cannot be Pike County, we cannot say that Count Three alleges a cause of action for injuries occurring at a place different than those alleged to have occurred in Counts One and Two. Such is not apparent on the face of the complaint. Therefore the question of a new cause of action vel non is one for jury determination.

Opinion Extended.

Application for rehearing overruled.

WRIGHT, P. J., and HOLMES, J., concur.