SAM W. TAYLOR, Judge.
In Barbour County Circuit Court, the appellant, Joe Eddie Moore, was convicted of reckless driving, attempting to elude a police officer and driving while intoxicated.
The foundation for this appeal is a contention that there was a failure to prove venue.
Appellant appealed his convictions from the municipal court of Eufaula, Alabama. The cases were consolidated for trial in circuit court. There was a failure to ask the routine “venue question,” i.e., “Did these events to which you refer occur in the city or police jurisdiction of Eufaula, Alabama?”
Appellant contends, therefore, that venue was not proven. We disagree. In Stokes v. State, 373 So.2d 1211 (Ala.Cr.App.), cert. denied, 373 So.2d 1218 (Ala.1979), this court, speaking through Judge Bowen, stated: “Venue may be proved by circumstantial as well as direct evidence,” citing Wall v. State, 49 Ala.App. 285, 270 So.2d 831 (1972).
Our court said in Daly v. State, 47 Ala.App. 681, 260 So.2d 412, cert. denied, 409 U.S. 874, 93 S.Ct. 123, 34 L.Ed.2d 127 (1972):
“The appellant insists that the case should be reversed because of the failure of the state to prove venue. This is a matter which may be proven by circumstantial evidence and there is some evidence in the record tending to prove the location in Limestone County, Alabama, but aside from this the matter was not called to the court’s attention before argument by a request for the affirmative charge based on this failure by the state to prove venue. This matter cannot be raised for the first time by a motion for a new trial or an appeal. Rule 35, Circuit and Inferior Court Rules, Tit. 7, Appendix, Code of Alabama, 1940, as recompiled 1958; Richardson v. State, 39 Ala.App. 207, 98 So.2d 59, cert. denied, 266 Ala. 699, 98 So.2d 65; Payne v. State, 40 Ala. App. 493, 115 So.2d 670.”
The 1907 case of Dupree v. State, 148 Ala. 620, 42 So. 1004, states in pertinent part:
“Defendant’s counsel insist that charge 1 should have been given on account of the failure to prove the venue of the crime. ‘It is not necessary to prove in express terms, that the offense was committed in the county where the indictment was found; evidence from which the jury could so infer is sufficient.’ Tinney v. State, 111 Ala. 74, 20 South. 597. There was abundance of evidence by several witnesses, that the alleged crime was committed in ‘Montgomery, in the city of Montgomery,’ and the union depot of the Louisville & Nashville Railroad Company, in said city, and certain prominent streets therein, such as Monroe, South Court, etc., etc., are referred to in the evidence. From these facts, we can judicially know, that the city of Montgomery is in Montgomery county in the state of Alabama. Levy v. State, 133 Ala. [190] 192, 31 South. 805; Boardman v. Ewing, 3 Stew. & P. (Ala.) 293; 17 Am. & Eng. Ency. Law (2nd Ed.) 906.”
*1375 In the instant case there was testimony that the policemen were officers of the City of Eufaula Police Department. The complaint itself refers to the city limits. There was testimony that the officers answered a complaint made to the Eufaula Police Department. Lt. Bradshaw testified he was employed by the Eufaula Police Department as a shift supervisor. There was testimony regarding Eufaula streets such as College Hill Road, Broad Street, Kendall Drive, Cherry Street, Sanford Street and Abert Street, their intersections and directions. There was testimony as to what speeds were safe for “that area of town” and as to the speed limits for certain streets or areas.
It is a general rule that a court may take judicial notice of the existence and general aspects of the streets and highway systems. See 29 Am.Jur.2d, Evidence § 67 (1967) and annot. at 48 A.L.R.2d 1127.
In Hodge v. Joy, 207 Ala. 198, 92 So. 171 (1922), the Supreme Court stated at 92 So. 174:
“It is unnecessary to remark that we have the right of recourse to all sources of specific information for verification of a fact of which the court takes judicial knowledge. 1 Greenl. Ev. (14th Ed.), § 6; 23 Cor. Jur. § 2001, p. 169. In Gordon v. Tweedy, supra, it was said:
“ ‘It is customary for courts to take judicial knowledge of what ought to be generally known within the limits of their jurisdiction. This cognizance may extend far beyond the actual knowledge, or even the memory of judges, who may therefore resort to such documents of reference, or other authoritative sources of information as may be at hand, and may be deemed worthy of confidence. The rule has been held, in many instances, to embrace information derived informally by inquiry from experts.’ 74 Ala. [232] 237, 49 Am.Rep. 813.”
A portion of the above statement was quoted with favor by our Court of Civil Appeals in 3M Company, Inc. v. Dunn, 50 Ala.App. 329, 279 So.2d 132 (Ala.Civ.App.1973) at 279 So.2d 136:
“This statement of the subject matter of judicial knowledge is both general and flexible enough to meet the changing character of modem society. Not only is society more mobile in 1973 than it was in 1897, but the location and direction of major highways of our state are more generally known within our statewide community than they were in 1897. We would also point out that the matter of which we have here taken judicial notice is subject to irrefutable verification by reference to the official maps of this state.”
See the annotation at 15 A.L.R. Fed. 715 on the subject Propriety of Taking Judicial Notice of Geographic Facts For Purposes of Proof of Venue in Federal Criminal Prosecution. See also Weaver v. United States, 298 F.2d 496 (5th Cir.1962). We hold that venue was proved both by circumstantial evidence in this case and by the court’s judicial notice that the streets testified to were inside the City of Eufaula, Alabama. Therefore, venue was proved, without the necessity of asking that direct question.
We find the other contentions of appellant to be without merit. Thus, this case is affirmed.
AFFIRMED.
All the Judges concur.